GEORGE F. BOGUE vs. THE TOWN OF MONTVILLE.

Second Judicial District, Norwich, May Term, 1897. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Evidence of promises made by a recruiting agent of the State, in 1864, to
induce re-enlistments, is not admissible against a town, unless his au-
thority to act for it is shown.

In August, 1864, the defendant town voted bounties to all residents who
might enlist and count upon the town's quota. *Held* that these votes
looked to the future only, and did not affect the plaintiff who enlisted
in 1862 and re-enlisted in February, 1864.

During the same month a resolution to pay a bounty to re-enlisted veter-
ans was rejected in town meeting. *Held* that this action was admis-
sible as contemporaneous exposition.

Chapter 318 of the Public Acts of 1895, concerning the recovery of soldiers'
bounties,. imposes no new liability, but only prohibits towns, when
sued therefor, from interposing a plea of the statute of limitations.

[Argued May 28th—decided July 13th, 1897.]

ACTION to recover the amount of a soldier's bounty,
brought to the Superior Court in New London County and
tried to the court, *Thayer*, *J.;* facts found and judgment
rendered for the defendant, and appeal by the plaintiff for
alleged errors in the rulings of the court. *No error.*

The complaint sets forth two votes of the town, as follows:
" 1st. On August 3d, 1864, the defendant, the said town of
Montville, duly and legally passed the following vote: ' Voted,
that the selectmen of the town of Montville be and they are
hereby authorized to pay to each resident of the town who
enlists or procures a substitute or a recruit who shall count
on the quota of this town under the recent call of the Presi-
dent, the sum of three hundred dollars, and the selectmen
are hereby authorized to draw on the town treasurer for the
same, said recruit to be enlisted for three years. Voted, that
the selectmen of this town be and are hereby authorized to
employ one or more persons to aid them in filling the quota
of the town under the last call of the President for volunteers,
and to draw orders on the town treasurer for paying all neces-

sary expenses which they may deem just and proper.' 2d. On August 30th, 1864, the defendant, the said town of Montville, duly and legally passed the following vote: ' Voted, that the selectmen be and are hereby authorized to give to each person, resident of Montville, who may enlist and count on the quota of said town, the sum of two hundred dollars in addition to the three hundred dollars already voted at a previous meeting, provided he enlists for three years.' "

There were several defenses, one of which denied that the plaintiff was entitled to recover any bounty under said votes. Judgment was rendered for the defendant, and the plaintiff appealed.

The finding is as follows: " 1. On January 9th, 1862, the plaintiff, who was then a resident of the defendant town, enlisted from said town as a volunteer for three years in the army of the United States, for the suppression of the rebellion. 2. On February 8th, 1864, at Thibodeaux, La., he re-enlisted, as a volunteer from said town of Montville, in said army for three years or the war. 3. Upon said re-enlistment he received from the State of Connecticut a bounty of $300. 4. On July 1st, 1864, the defendant had furnished thirteen men in excess of its quota, and the plaintiff's re-enlistment aforesaid was one of the last thirteen enlistments credited to said town on the records of the Adjutant General's office. . . . 5. On July 18th, 1864, a call for five hundred thousand men was made by the President of the United States. 6. The number of men to be raised by the defendant under said call, as fixed by the Adjutant General, was twenty-five. Except for the excess of men theretofore furnished, the number to be raised under said call would be thirty-eight. 7. On August 3d, 1864, the defendant town, upon proper warning, passed the vote set forth in the first paragraph of the complaint. 8. On August 17th, 1864, at a town meeting duly warned for the purpose of determining whether the defendant would pay the bounty of $300 to re-enlisted veterans, it was voted by the defendant to indefinitely postpone the matter. 9. On August 30th, 1864, at a meeting of the defendant town duly warned, the vote set forth in the second paragraph of the com-

plaint was passed, and at the same meeting a resolution proposing to pay said bounty to veteran volunteers who had re-enlisted in the 13th C. V. (one of whom was the plaintiff), was rejected. Said proposition was embraced in the warning of said meeting. 10. The call referred to in said votes was that of July 18th, 1864, above mentioned. 11. The plaintiff did not re-enlist on the faith of said votes set forth in the complaint, or either of them, and he was not requested to re-enlist by the defendant or its agents, and he was not induced to re-enlist as aforesaid by any promise or inducement on the part of said town or its agents. 12. The plaintiff was honorably discharged from service under the said re-enlistment in May, 1866. 13. The plaintiff never received either of the bounties voted in the votes set forth in the complaint. 14. Upon the trial the plaintiff offered evidence to prove that in February, 1864, Col. Joseph Selden came, as the agent of the State sent by Governor Buckingham, to the place where the plaintiff's regiment was then stationed in the field, for the purpose of securing the enlistment of recruits and the re-enlistment of veterans, and that as one of the inducements to re-enlist he promised the plaintiff, as well as the other members of the regiment, that he could make his choice of the town to which he would be credited, and that he should receive any bounty voted by such town to men who should be credited to it as a part of its quota under any subsequent call of the President for volunteers; and that, relying upon such promise, he re-enlisted and chose to be credited to the town of Montville. To this evidence the defendant objected, on the ground that it did not appear that Col. Selden was the agent of the town. The plaintiff's counsel, being enquired of by the court, stated that he could not show that Col. Selden was acting for the defendant. The defendant's objection was thereupon sustained and said evidence was excluded. The plaintiff's counsel duly excepted. 15. The defendant offered evidence to prove that the plaintiff received a bounty of three hundred dollars from the State upon his said re-enlistment. To this evidence the plaintiff's counsel objected as irrelevant. The court overruled the objection and received the evidence.

The plaintiff duly excepted. 16. The defendant offered evidence to prove that on the 17th day of August, 1864, a special town meeting of the defendant town was called to vote upon the question of paying the $300 bounty to re-enlisted veterans, and the matter was indefinitely postponed; and that at the meeting on the 30th of August, 1864, a resolution was offered to pay said bounty to re-enlisted veterans and was rejected. To all this evidence the plaintiff objected as irrelevant. The court overruled the objection and admitted the evidence. The plaintiff duly excepted."

*Seneca S. Thresher*, for the appellant (plaintiff).

*Charles W. Comstock*, for the appellee (defendant).

ANDREWS, C. J. The judgment of the Superior Court is conclusive against the plaintiff, unless there is some error in its proceedings. We have inspected the record and do not find any error. The ruling in the fourteenth paragraph of the finding is correct, as we think, and for the reasons given. Col. Selden was not the agent of the town. No reason is stated why the evidence mentioned in the fifteenth paragraph was objected to, nor why it was offered. At any rate it could have done the plaintiff no harm. The evidence mentioned in the sixteenth paragraph was clearly admissible. It was contemporaneous exposition.

We think the court construed the town votes correctly. Those votes looked to the future. The purpose of the town in passing them was to save itself from a draft. For that purpose the quota of the town was only twenty-five. The plaintiff was not one of that number.

The Act of 1895 on which it is said this action is brought, does not impose any new liability. It only professes to enact that a liability for a bounty, where one once existed against any town, may be sued on, and that the statute of limitations shall not be pleaded by the defendant in any such action. Here the plaintiff never was entitled to the bounty sued for.

There is no error.

In this opinion the other judges concurred.